PER CURIAM.
This cause is before us on appeal from a declaratory statement wherein the agency, construing Section 565.095(5), Florida Statutes, pertaining to withdrawal of a registered brand or label, determined that the appointment by the manufacturer of a second distributor for a given brand or label was not shown to constitute a constructive withdrawal. The agency's declaratory statement is, in pertinent part, as follows:
The Division stated in General Wholesale Company of Florida v. Division of Alcoholic Beverages and Tobacco, Somerset Imports, Ltd. and Glenmore Distilleries Corp., November 13, 1978, at page 7:
There is nothing in the statute to preclude the establishment of multiple distributors if no withdrawal occurs. There may be instances when the establishment of a second distributor may result in a constructive withdrawal from the first, (emphasis added)

The Division concludes that Petitioner has failed to show or even allege that Respondents intended to formally withdraw Felipe Segundo pursuant to Section 565.095(5), Florida Statutes. The Divi *891 sion further concludes that Petitioners have failed to show or even allege that its orders for Felipe Segundo were not adequately filled by Respondents. If Respondent had refused to fill Petitioner’s order for the product in a reasonable and timely fashion a “constructive” withdrawal would be possible or even probable. There is no showing in the record that this occurred.
The Division further concludes that even if Petitioner’s projections are correct concerning diminished profits resulting from the appointment of Hartley and Parker, the most Petitioner has established is that competition from Hartley and Parker will reduce its profits. Section 565.095(5), Florida Statutes, was not intended to stifle competition or to prohibit dueling in circumstances such as these. As the Division noted in General Wholesale Company, supra:
The act does not express an intent to restrain the industry to a zero growth potential nor does the statute have such effect.
There is nothing in the statute to indicate that its purpose is to protect profit margins by eliminating or preventing competition in the sale of a product. Accordingly, the Division finds that no actual or constructive withdrawal has occurred and that Petitioners’ requested relief must be denied.
On consideration of the record and briefs, we find that the agency’s interpretation of the statute is persuasive and not contrary to the intent and meaning of the statute. Accordingly, the declaratory statement is affirmed.
BOOTH, WENTWORTH and THOMPSON, JJ., concur.